IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER CERVANTES,

     Petitioner,                                  No. 2:10-cv-2906 KJN

     vs.

FRANCISCO JACQUEZ, Warden,

     Respondent.                            ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereafter "petition"). Petitioner paid the filing fee. Petitioner has consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        On December 6, 2010, petitioner filed a motion to stay and abey these proceedings while petitioner exhausts his unexhausted claim alleging ineffective assistance of counsel. Petitioner asserts his petition is a mixed petition, containing claims that are both exhausted and unexhausted.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

////

1 be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Review of the petition reveals petitioner has claimed only one ground for habeas corpus relief:  ineffective assistance of counsel.[2]  Petitioner concedes his ineffective assistance of counsel claim is unexhausted.  Petitioner does not identify the allegedly exhausted claim in his motion for stay or in the petition.  In the appeals section of the petition, petitioner listed a claim that the trial court erred in admitting a firearm unrelated to the underlying crime, but that claim is not included in the grounds portion of the petition, and there is no indication that the claim was presented to the California Supreme Court.

Because the petition is not a mixed petition, the petition must be dismissed without prejudice[3] and petitioner's motion for stay must be denied.  See 28 U.S.C. § 2254(b)(1); Rhines v. Weber, 544 U.S. 269 (2005).[4]  However, because it appears petitioner believes at least

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] The first amended petition also refers to "attached memorandum of points and authorities," but there is no attachment to the six page first amended petition.  (Dkt. No. 5.)

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

[4] A district court has discretion to grant a stay and abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 278.  The Supreme Court made clear, however, that because staying a federal habeas petition frustrates the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") objective of encouraging finality by allowing a

1 one claim is exhausted, the petition will be dismissed with leave to amend. If petitioner can
2 demonstrate that he has exhausted his state court remedies for at least one claim, he may renew
3 his motion for stay under Rhines. However, petitioner is cautioned that he must explain the
4 reason for his delay; that is, why he did not pursue his state court remedies for his ineffective
5 assistance of counsel claim once the California Supreme Court denied his petition for review on
6 October 23, 2009. In other words, petitioner must demonstrate his diligence in pursuing his
7 claims.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Petitioner's December 6, 2010 motion for stay (dkt. no. 6) is denied without prejudice.

   2. Petitioner's December 6, 2010 first amended petition is dismissed, without prejudice, for failure to exhaust state remedies.

   3. Petitioner is granted thirty days from the date of service of this order to file a second amended petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended petition must bear the docket number assigned this case; petitioner must file an original and two copies of the second amended petition. If the second amended petition does not contain at least one claim where state court remedies have been exhausted, the second amended petition will be dismissed.

////
////

---

petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

4. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus

DATED: January 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cerv2906.lta